Filed 01/27/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-SC-01948

Heath Lockerby v. Vermont DOC et al

## Opinion and Order on CoreCivic's Motion to Dismiss and Plaintiff's Motion for Summary Judgment

Plaintiff Heath Lockerby is an inmate in the custody of Defendant the Vermont Department of Corrections who is currently housed in an out-of-state prison facility operated by Defendant CoreCivic, Inc. In this small claims action, Mr. Lockerby alleges that CoreCivic personnel seized his television as contraband under suspicion that he had secreted drugs inside it, the disciplinary action related to the drug possession charge was dismissed, and CoreCivic nevertheless has failed to return his television. CoreCivic has filed a motion to dismiss the claim against it for lack of personal jurisdiction. *See* Vt. R. Sm. Cl. P. 4(e) (permitting such motions in small claims). Plaintiff has filed a motion for summary judgment.

Personal jurisdiction may be either specific or general. The difference has been described as follows:

> Specific jurisdiction exists when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum"; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts. Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts."

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567–68 (2d Cir. 1996) (citations omitted); *see also Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 400 (6th Cir. 2021) (the contacts relevant to specific personal jurisdiction are claim-specific). There is no palpable assertion of general personal jurisdiction in Vermont over CoreCivic.

With regard to specific personal jurisdiction, the Vermont Supreme Court has explained as follows:

> Vermont's long-arm statute, 12 V.S.A. § 855, confers jurisdiction to the full extent allowed by the United States Constitution. Our inquiry focuses on whether the defendant has sufficient contacts with Vermont that maintaining the lawsuit here does not "offend traditional notions of fair play and substantial justice." The central question in determining whether specific jurisdiction may be exercised is whether the defendant has purposefully availed itself of the privilege of acting in the forum state. This requirement "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Put another way, the purposeful-availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'"

*N. Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 14, 184 Vt. 303, 310.

Procedurally, a plaintiff must establish the grounds for jurisdiction. The Court has explained that:

> If . . . "a court chooses to rule on a [pretrial] motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, the party opposing [the] motion need make only a *prima facie* showing of jurisdiction, or, in other words, demonstrate facts which would support a finding of jurisdiction." The nonmoving party's *prima facie* showing must go beyond the pleadings and rely upon specific facts set forth in the record. "In assessing the submitted materials, the [trial] court eschews fact finding and simply accepts properly supported proffers of evidence as true and rules on the jurisdictional question as a matter of law."

*State v. Atl. Richfield Co.*, 2016 VT 22, ¶ 9, 201 Vt. 342, 348–49 (citations omitted).

CoreCivic's argument is straightforward. All alleged conduct related to Mr. Lockerby's claim occurred in Mississippi at the prison facility it operates in that state. No such conduct was directed at Mr. Lockerby in Vermont. As far as the pleadings go, Mr. Lockerby attached documentation of the disciplinary process and his grievance. They clearly show that CoreCivic personnel undertook the disciplinary process that was dismissed, Mr. Lockerby then used the CoreCivic grievance policy to try to get his television back, and CoreCivic officials ultimately denied that relief. Everything occurred in Mississippi.

In response to CoreCivic's motion, Mr. Lockerby has come forward with nothing that goes "beyond the pleadings" to demonstrate jurisdiction other than a citation to 28 V.S.A. § 807, which is non-responsive. That provision merely provides that prisoners retain the right to vote only "at the person's last voluntary residence during the term of the person's commitment." *Id.* § 807(a). Mr. Lockerby's right to vote wherever he lived in Vermont prior to incarceration sheds no light on whether CoreCivic has the sort of claim-specific contacts with Vermont that might demonstrate personal jurisdiction over it in Vermont in relation to this small claims case.[1] Similarly, the fact that certain statutes give Vermont certain specific rights that are applicable even if they are housed out of state, *see Nichols v. Hofmann*, 188 Vt. 1 (2010), does not confer jurisdiction over this Small Claims action.

Mr. Lockerby's claim has nothing to do with Vermont other than the fact that it is the State on whose authority he is incarcerated. Mr. Lockerby neither makes nor

---

[1] Nor is it clear why he did not bring his claim in Mississippi, where personal jurisdiction over CoreCivic would seem to be obvious.

attempts to support any argument that jurisdiction might arise out of Vermont's contract with CoreCivic alone, and such an argument is not considered. In analogous circumstances, although the fact patterns vary, several courts have found a lack of personal jurisdiction in the context of prisoners residing at out-of-state facilities. *See, e.g., Burke v. Baker,* No. 5:21-CV-265-GWC-KJD, 2023 WL 1801927, at *8 (D. Vt. Feb. 7, 2023) ("Because Plaintiff fails to allege that any suit-related conduct of Defendant Johnson was substantially connected to Vermont, she is not subject to specific jurisdiction in Vermont."), *report and recommendation adopted,* No. 5:21-CV-265, 2023 WL 2423232 (D. Vt. Mar. 9, 2023); *Butler v. Baker*, No. 619-11-19 WNCV, 2022 WL 1242633, at *3 (Vt. Super. Jan. 24, 2022) (suggesting, in *dicta*, that court has no jurisdiction over CoreCivic); *Bergrin v. United States*, No. 19-CV-9681 (VSB), 2022 WL 912280, at *11 (S.D.N.Y. Mar. 28, 2022); *Simon v. Mullgrav*, No. CV 2017-0007, 2021 WL 4024360, at *5 (D.V.I. Sept. 1, 2021); *Harris v. Dzurenda*, No. 18CV00294MMDCBC, 2019 WL 4262507, at *2 (D. Nev. Sept. 9, 2019), *aff'd*, 831 F. App'x 266, 267 (9th Cir. 2020) ("The district court properly dismissed nonresident defendants Thomas and Hininger because Harris failed to allege facts sufficient to establish that the district court had personal jurisdiction over them.").

On this record, Mr. Lockerby has not carried his affirmative burden of establishing a *prima facie* case for general or specific personal jurisdiction over CoreCivic.

<u>Conclusion</u>

For the foregoing reasons, CoreCivic's motion to dismiss is granted. It is granted without prejudice to a filing in the jurisdiction where the events occurred and where all pertinent witnesses may be called into court. The motion for summary judgment is denied as moot.

Electronically signed on Friday, January 26, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge